UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-41293
_____

RODNEY JAMES DILWORTH,

Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

Respondent-Appellee.

_____

Appeal from the United States District Court for the
Eastern District of Texas
_____
June 19, 2000

Before JONES and BENAVIDES, Circuit Judges, and WALTER,[*] District
Judge.

BENAVIDES, Circuit Judge:

Rodney James Dilworth, a Texas state prisoner, appeals the

district court's dismissal of his 28 U.S.C. § 2254 petition as time

-barred.  Concluding that Dilworth's state habeas application

(challenging a prior conviction used to enhance his current state

_____

[*]    District judge of the Western District of Louisiana,
sitting by designation.

sentence) tolled the period of limitation within the meaning of 28 U.S.C. § 2244(d)(2), we vacate the district court's dismissal of his petition and remand for further proceedings.

I.   PROCEDURAL HISTORY

In 1987, Dilworth pleaded guilty to the felony offense of aggravated assault and received a three-year sentence of imprisonment. Five years later, in 1992, a jury found him guilty of attempted murder and unauthorized use of a motor vehicle. Both of those counts contained an enhancement paragraph regarding the prior conviction of aggravated assault. The jury found both of the enhancement paragraphs true, and Dilworth was sentenced to 60 years of imprisonment for the unauthorized use of a motor vehicle conviction and 99 years of imprisonment for the attempted murder conviction.

After Dilworth's 1992 convictions were affirmed on direct appeal, he filed a state habeas application challenging those convictions, which the Texas Court of Criminal Appeals denied in May of 1995. On April 5, 1996, Dilworth filed a state habeas application challenging the 1987 conviction for aggravated assault on the basis of ineffective assistance of counsel. He asserted that as his 1987 conviction was used to enhance his later sentences, the state court "retain[ed] jurisdiction" to review the habeas application attacking his 1987 conviction based on ineffective assistance. On June 11, 1997, the Court of Criminal Appeals denied the application.

In July of 1997, Dilworth filed a federal habeas petition in district court.[1] In that § 2254 petition, Dilworth challenged his 1987 guilty-plea conviction based upon ineffective assistance of counsel. The respondent filed a motion to dismiss the petition as time-barred. The magistrate judge concluded that Dilworth could not challenge his 1987 conviction because he was no longer serving his sentence for that conviction and that he could not challenge the enhancement provision of his 1992 convictions because the time for filing a federal habeas challenge to the 1992 convictions had expired under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Over Dilworth's objections, the district court adopted the report and recommendation and dismissed Dilworth's petition as time-barred.

Dilworth filed a notice of appeal, which the district court construed as a motion for a certificate of appealability (COA) and denied. Dilworth then sought a COA from this Court. We granted a COA with respect to whether Dilworth's second state habeas application tolled the AEDPA's limitation period.

II. ANALYSIS

Dilworth maintains that the district court erred in dismissing his habeas petition as time-barred, arguing that during the time in

---

[1] Originally, the petition was filed in the Northern District of Texas. However, because these 1992 convictions were imposed in a state court which is not located in the Northern District of Texas and Dilworth is not presently in custody in this district, the district court transferred the petition to the Eastern District of Texas. *See* 28 U.S.C. section 2241(d).

which his second state habeas application was pending, the period of limitation under § 2244 was tolled. In relevant part, § 2244 provides that:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> *    *    *
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Dilworth's convictions became final prior to the April 24, 1996 effective date of the AEDPA. We have held that prisoners challenging convictions that became final prior to the AEDPA's effective date are accorded one year after the effective date of the AEDPA (April 24, 1997) to file for relief under § 2254. *Flanagan v. Johnson*, 154, F.3d 196, 202 (5th Cir. 1998). As the respondent asserts, the earliest date that Dilworth's federal petition could be deemed filed is July 11, 1997--more than two months after the deadline.

During the one-year grace period, however, Dilworth filed an application for state habeas relief challenging the 1987

conviction, which was used to enhance the sentences imposed as a result of his 1992 convictions. More specifically, Dilworth filed that state habeas application on April 5, 1996, and the Court of Criminal Appeals denied it on June 11, 1997. Approximately one month later, he filed the instant petition. If the state habeas application tolled the period of limitation, the instant petition was timely filed. The question, therefore, is whether that application was "a properly filed application for State post-conviction . . . with respect to the pertinent judgment or claim" pursuant to § 2244(d)(2).

The magistrate judge's report, which was adopted by the district court, provided that Dilworth could not challenge the 1987 conviction because that sentence had expired, *i.e.,* he was no longer in custody pursuant to that conviction. We assume that habeas corpus relief would not be available with respect to Dilworth's challenge to his 1987 conviction if it had not been used to enhance the sentence he is currently serving. *See Carter v. Hardy,* 526 F.2d 314, 315 (5th Cir. 1976). However, a "habeas petitioner may attack a prior conviction used to enhance his punishment"--the circumstance here. *Herbst v. Scott,* 42 F.3d 902, 905 (5th Cir. 1995) (citation omitted). We have explained that the "jurisdictional requirement of `in custody' is satisfied by reading the petition as a challenge to the current conviction." *Id.* (citing *Maleng v. Cook,* 490 U.S. 488, 493-94, 109 S.Ct. 1923, 1926-

5

27 (1989)).

Additionally, the magistrate judge's report provided that Dilworth's second state habeas application that was pending during the grace period did not toll the limitation period because it challenged the 1987 conviction and not the 1992 convictions. The magistrate judge noted that if Dilworth had challenged the enhancement provision of his 1992 sentences in his second state habeas application, the state court would have dismissed it as an abuse of the writ pursuant to § 4 of article 11.07 of the Texas Code of Criminal Procedure. Under that scenario, the magistrate judge posited, Dilworth would have been procedurally barred from raising the claims presented in that application in a federal habeas petition.

Subsequent to the district court's dismissal of Dilworth's petition, we clarified that even though a second state habeas application was dismissed as an abuse of the writ pursuant to § 4 of article 11.07 of the Texas Code of Criminal Procedure, the state habeas application tolled the limitation period because it was a properly filed state application within the meaning of section 2244(d)(2). *Villegas v. Johnson,* 184 F.3d 467, 469-70 (5th Cir. 1999); *see also Smith v. Ward,* 209 F.3d 383 (5th Cir. 2000) (although state habeas application was denied as time-barred under Louisiana procedural law, we concluded that it was "properly filed" within the meaning of section 2244(d)(2)). Therefore, contrary to

the district court's reasoning, whether the state habeas application would have been dismissed as an abuse of the writ is not relevant to § 2244(d)(2).[2]

The respondent argues that Dilworth's second state habeas application cannot be construed as a properly filed challenge to his current sentences for his 1992 convictions because Texas law mandates that a challenge to a conviction must be filed in the court in which the applicant was convicted. Further, the respondent indicates that Dilworth's second state habeas application should have been filed in the court that rendered the 1992 convictions. However, it appears that if Dilworth had sought to challenge his 1987 Dallas conviction in the Collin County court, the Collin County court would have transferred the case to the Dallas County court. *See Ex parte Harp,* 561 S.W.2d 180, 180-81 (Tex.Crim.App. 1978) (although court reviewed a habeas challenge to an expired-sentence conviction that had been used to enhance a sentence in a later conviction, the court refused to review the later conviction until another habeas application was filed in the court where the later conviction was obtained); *Ex parte Alexander,* 861 S.W.2d 921, 922-23 (Tex.Crim.App. 1993) (subsequent case holding that an application for habeas corpus "filed in a court

_____

[2] The holding in *Villegas* also renders without merit the respondent's contention that, by filing his second application for state habeas relief in Dallas (as opposed to Collin County), Dilworth essentially circumvented Texas's abuse of the writ provision.

7

other than the convicting court will not be dismissed . . . but, rather, remanded to the court in which it was filed, with instructions that the district clerk of that county transfer the writ to the court of conviction"). In light of Texas habeas procedure, it appears that Dilworth filed his state habeas challenge to the 1987 conviction in the proper state trial court. Moreover, the state trial court did address the merits of his claim.

Boiled down to its essence, the respondent's argument simply highlights the subtle incongruity between Texas habeas procedural rules and federal case law that requires courts to construe a habeas petitioner's challenge to a conviction with an expired sentence as a challenge to the petitioner's current sentence enhanced by the prior conviction. We are unpersuaded that these minor differences warrant the conclusion that Dilworth's state habeas application was not a properly filed state habeas application pursuant to section 2244(d)(2).

Indeed, because Dilworth's second state habeas application was "accorded some level of judicial review" by the state courts, it is considered a "properly filed application" under section 2244(d)(2). *Villegas,* 184 F.3d at 470 n.2. Further, Dilworth's second state habeas application alleged that he received ineffective assistance of counsel with respect to his 1987 conviction, which is precisely what he is alleging in the instant federal petition. Common sense

dictates that Dilworth's second state habeas application was a challenge "to the pertinent judgment or claim" under the plain language of section 2244(d)(2). Therefore, the time during which Dilworth's second state habeas application was pending tolled the limitation period under section 2244, rendering the instant federal petition timely filed.[3]

---

[3] Finally, in a footnote, the respondent argues that if we construe Dilworth's second state writ as challenging his 1992 convictions, he has failed to exhaust his state remedies because he did not file the writ in Collin County. We rejected a similar claim in *Escobedo v. Estelle,* 650 F.2d 70 (5th Cir. Unit A), *modified on other grounds*, 655 F.2d 613 (1981). Escobedo, a section 2254 petitioner, had a 1970 Texas conviction, which had been used to enhance his 1977 Texas conviction. The sentence for the 1970 conviction had been served. Prior to filing his federal petition, Escobedo had applied for state habeas relief collaterally attacking the 1970 conviction on the grounds that his guilty plea was involuntary and made without effective assistance of counsel. The Court of Criminal Appeals denied his application. Escobedo filed a section 2254 petition on the same grounds urged in his state writ. At the time he filed the federal petition, Escobedo's direct appeal from his 1977 conviction was pending. The State argued that Escobedo's state court remedies could not be deemed to have been exhausted unless the Court of Criminal Appeals rejected the same claim in his direct appeal from the 1977 conviction. We concluded that Escobedo's state writ fairly presented the claim and, therefore, it was exhausted. 650 F.2d at 74.

Likewise, in the instant case, Dilworth fairly presented his claim that his 1987 guilty plea was obtained without the effective assistance of counsel to the Court of Criminal Appeals. Additionally, "it has been held that exhaustion is not necessary where resort to state remedies would be futile, because the necessary delay before entrance to a federal forum which would be required is not justified where the state court's attitude towards a petitioner's claims is a foregone conclusion." *Carter v. Estelle,* 677 F.2d 427, 446 (5th Cir. 1982). More specifically, the "futility exception applies when, as here, the highest state has recently decided the same legal question adversely to the petitioner." *Fisher v. State of Texas,* 169 F.3d 295, 303 (5th Cir. 1999). We therefore reject the respondent's contention that

For the above reasons, we hold that Dilworth's state habeas application tolled the period of limitation under section 2244(d)(2), rendering timely the filing of the instant petition. We therefore VACATE the dismissal of Dilworth's 28 U.S.C. § 2254 petition and REMAND for further proceedings.

VACATED AND REMANDED.

---

Dilworth has not exhausted his state remedies with respect to the claim at issue in the instant federal petition.