David C. SMITH, Petitioner–Appellant,

v.

W.A. DUNCAN, Warden, Respondent–Appellee.

No. 00–16458.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 13, 2001.

Filed Dec. 19, 2001.

Amended May 20, 2002.

Amended July 17, 2002.

George C. Boisseau, Santa Rosa, CA, for the petitioner-appellant.

Dane R. Gillette, Senior Assistant Attorney General of the State of California, San Francisco, CA, for the respondent-appellee.

Before REINHARDT, HAWKINS and RAWLINSON, Circuit Judges.

## ORDER AND AMENDED OPINION

RAWLINSON, Circuit Judge.

### ORDER

The Opinion filed on December 19, 2001 and amended on May 20, 2002, should be replaced in its entirety with the attached opinion.

## OPINION

Appellant–Petitioner David C. Smith ("Smith") appeals the district court's grant of Appellee–Respondent W.A. Duncan's (the "Government's") motion to dismiss Smith's federal petition for habeas corpus as untimely. When ruling on the motion, the district court was faced with an incomplete record. The facts, as they were presented to the district court, are recounted in the "Background" section of this opinion.

We have jurisdiction pursuant to 28 U.S.C. § 2253 and review dismissals of habeas petitions de novo. *See Miles v.Prunty*, 187 F.3d 1104, 1105 (9th Cir. 1999). Because Smith's petition is timely, we reverse the district court's dismissal.

## BACKGROUND

On July 30, 1996, Smith pled no contest to four counts of lewd conduct with a minor. Smith's sentence was enhanced to a prison term of twenty-one years, based in part on a prior robbery conviction in 1980. Smith raised no issues in his direct appeal to the California Court of Appeal, which affirmed his conviction and sentence on December 9, 1997. Smith conceded in district court and on appeal that he did not file a direct appeal to the California Supreme Court.

Smith filed a petition for habeas corpus in the California Court of Appeal, which was denied on February 6, 1998. On April 14, 1998, Smith filed a petition for writ of habeas corpus in the California Supreme Court, which was denied on August 26, 1998. The only basis for the denial was a citation to *"In re Swain* (1949) 34 Cal.2d 300, 304, 209 P.2d 793."

On January 13, 1999, Smith filed a federal petition for habeas corpus in the United States District Court. The district court dismissed Smith's petition without

prejudice, for failure to exhaust, on August 26, 1999. The district court ruled that Smith, in his prior California Supreme Court petition, failed to adequately apprise the state court of his federal petition claim challenging the sentence imposed for his 1996 conviction. The district court determined that Smith only challenged the 1980 conviction used to enhance his 1996 sentence.

Smith filed a petition for habeas corpus in the Superior Court of California, which was denied on September 27, 1999. Smith also filed a petition for writ of habeas corpus in the California Court of Appeal, which was denied on October 29, 1999. On November 3, 1999, Smith filed a petition for writ of habeas corpus in the California Supreme Court. The California Supreme Court denied Smith's petition on January 25, 2000, citing *In re Waltreus*, 62 Cal.2d 218, 225, 42 Cal.Rptr. 9, 397 P.2d 1001 (1965).

On February 29, 2000, Smith signed his second federal petition and a Declaration of Mailing. The petition was filed on March 9, 2000. On June 23, 2000, the district court dismissed the petition as untimely. On July 5, 2000, Smith filed a notice of appeal and requested a certificate of appealablity. The district court denied Smith's request on July 20, 2000. We, however, granted Smith's request on December 21, 2000.

## DISCUSSION

■ The Antiterrorism and Effective Death Penalty Act ("AEDPA"), unless tolled, imposes a one-year statute of limitations on habeas corpus petitions filed in federal court by state prisoners. *See* 28 U.S.C. § 2244(d)(1). The district court held that the time for filing a federal petition was not tolled while Smith's petitions were pending in the California Supreme Court, because those petitions were not properly filed. Relying on our decision in

*Dictado v. Ducharme (Dictado I)*, 189 F.3d 889, 891 (9th Cir.1999) *withdrawn by Dictado v. Ducharme (Dictado II)*, 244 F.3d 724, 725 (9th Cir.2001), the district court reasoned that the California Supreme Court denied Smith's petitions for procedural reasons and, therefore, Smith's petitions were not properly filed for purposes of AEDPA's tolling provisions.

After the district court dismissed Smith's petition, we withdrew *Dictado I* and issued a new decision in light of the United States Supreme Court's ruling in *Artuz v. Bennett*, 531 U.S. 4, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000). *See Dictado II*, 244 F.3d at 725. In *Dictado II*, we followed the Supreme Court's holding in *Artuz* that a procedurally barred state habeas petition is "properly filed" for the purpose of tolling AEDPA's statute of limitations when the procedural bar is not a "condition to the filing," and the petition is delivered and accepted in compliance with "the applicable laws and rules governing filings." 244 F.3d at 726–27. Because Smith's petitions were "delivered and accepted" and any implied procedural bars applied to Smith's state petitions were not a condition to filing, Smith's state petitions were properly filed. The district court unwittingly erred by ruling otherwise.

■ We "may affirm on any ground supported by the record, even if it differs from the rationale of the district court." *Weaver v. Thompson*, 197 F.3d 359, 362 (9th Cir.1999). Because the district court erred in finding that Smith's petition was not properly filed, we should determine whether the district court's dismissal can be affirmed on other grounds.

■ AEDPA's limitation period began to run from the date Smith's judgment of conviction became final, based on the expiration of the time for seeking direct review

from the California Court of Appeal. *See* 28 U.S.C. § 2244(d)(1)(A). Under California law, Smith's conviction became final on January 20, 1998—forty (40) days after the California Court of Appeal filed its opinion.[1] *See* Cal. Rules of Court, rules 24(a), 28(b), 45(a); Cal.Civ.Proc.Code § 12a. AEDPA's one-year limitation period began running against Smith the next day, January 21, 1998. *See Patterson v. Stewart,* 251 F.3d 1243, 1246 (9th Cir.2001) (calculating AEDPA's one-year limitation period according to Fed.R.Civ.P. 6(a)). Smith therefore had until January 20, 1999 to file his federal habeas petition. Because Smith filed his current federal petition more than one year after that date, Smith's petition can only be timely if the limitation period was tolled.

■ AEDPA provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). In *Duncan v. Walker,* 531 U.S. 991, 121 S.Ct. 480, 148 L.Ed.2d 454 (2000), the Supreme Court held that a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of section 2244(d)(2). As a result, Smith's first federal habeas petition did not toll AEDPA's limitation period.

■ The Government took the position that Smith's first two state habeas petitions did not toll AEDPA's statute of limitations because those petitions did not attack his 1996 conviction or sentence, as Smith does in his current federal petition.

Instead, the Government contended, Smith's first two state habeas petitions only attacked the 1980 judgment of conviction used to enhance his current sentence. The Government argued that a state habeas petition challenging a different judgment than the one at issue in the federal habeas petition does not fall within the tolling provisions of section 2244(d)(2). Even though the Government failed to raise this argument below, it is not necessarily waived, because we have "discretion" to raise and entertain the issue of a procedural bar despite the Government's failure. *See Windham v. Merkle,* 163 F.3d 1092, 1100–01 (9th Cir.1998).

■ The Government's argument, nevertheless, is unavailing. In *Tillema v. Long,* 253 F.3d 494, 499–500, 502 (9th Cir. 2001), we held that, pursuant to § 2244(d)(2), AEDPA's limitation period is tolled during the pendency of state collateral review proceedings challenging either the pertinent judgment or pertinent claim asserted in the federal habeas petition. The district court, in its order dismissing Smith's first federal petition for lack of exhaustion, found that Smith only challenged the 1980 conviction used to enhance his 1996 sentence. In his current federal habeas petition, Smith asserts that his 1996 sentence was inappropriately enhanced by his improper 1980 state conviction. While Smith's 1980 judgment of conviction may not be the "pertinent judgment" in his current federal habeas petition, Smith's attack on his 1980 conviction is the "pertinent claim." Smith can prevail only if he successfully challenges his 1980 conviction.[2] Smith's state petitions attacking his 1980 conviction therefore

---

1. When computing the date that Smith's conviction became final, the Government failed to take into account the Martin Luther King Jr. Holiday weekend which fell on January 17–19, 1998.

2. We express no opinion as to the merits of Smith's claim, as that issue is not properly before this Court.

satisfy the requirement that his state petition challenge either "the pertinent judgment or claim." *See Dilworth v. Johnson,* 215 F.3d 497, 500–01 (5th Cir.2000) (holding that state habeas petition attacking enhancement conviction tolled AEDPA's limitation period).

In *Saffold v. Newland,* 250 F.3d 1262, 1266 (9th Cir.2000), we held that AEDPA's "statute of limitations is tolled for 'all of the time during which a state prisoner is attempting, *through proper use of state court procedures,* to exhaust state court remedies with regard to a particular post-conviction application.'" *quoting Nino v. Galaza,* 183 F.3d 1003, (9th Cir.1999), *cert. denied,* 529 U.S. 1104, 120 S.Ct. 1846, 146 L.Ed.2d 787 (2000). In *Saffold,* we applied this rule even though the petitioner waited four and one-half (4–½) months after his state appellate court petition was denied before filing his state supreme court petition. *See* 250 F.3d at 1266–68. We also held in *Saffold* that federal and state habeas petitions are deemed filed when the pro se prisoner delivers them to prison authorities for forwarding to the Clerk of the Court. *See id.* at 1268. Finally, in *Bunney v. Mitchell,* 262 F.3d 973, 973–74 (9th Cir.2001), we held that a state habeas petition which is denied tolls AEDPA's limitation period until the denial is final. We ruled that, pursuant to Rule 24 of the California Rules of Court, "a denial of a habeas petition within the California Supreme Court's original jurisdiction is not final for 30 days." *Id.* We further concluded that AEDPA's limitation period did not begin to run until the day after the denial by the California Supreme Court became final. *Id.*

■ After applying these principles, however, the record, as it was presented to the district court, does not support Smith's contention that his current federal petition is timely. Once Smith was notified that

his petition was subject to dismissal based on AEDPA's statute of limitations and the record indicated that Smith's petition fell outside the one-year time period, Smith had the burden of demonstrating that the limitation period was sufficiently tolled. *See Hinton v. Pac. Enters.,* 5 F.3d 391, 395 (9th Cir.1993) (holding that a party seeking tolling bears the burden of alleging facts which would give rise to tolling); *cf. Herbst v. Cook,* 260 F.3d 1039, 1042–44 (9th Cir.2001)(indicating that once a petitioner is given adequate notice and opportunity to respond to allegations that his petition is subject to dismissal pursuant to AEDPA's statute of limitations, petitioner has the burden of providing an adequate response).

The record before the district court indicates that Smith's first state appellate habeas petition was denied on February 6, 1998. The record, however, provides no indication as to when the petition was filed. Smith's first California Supreme Court petition was denied on August 26, 1998. Based on the district court's record, these petitions toll AEDPA's limitation period from February 6, 1998 through September 25, 1998 (thirty days after the first state supreme court ruling), or 232 days. Smith's second set of habeas petitions provides similar problems. The record does not indicate when Smith's petition was filed in the California Superior Court. The record only indicates that the petition was denied on September 27, 1999. Smith's second California Supreme Court habeas petition was denied on January 25, 2000. These petitions, under the district court's record, toll AEDPA's limitation period from September 27, 1999 through February 24, 2000 (thirty days after the second state supreme court ruling), or 151 days. Adding the two time periods results in tolling for 383 days.

Smith's current federal petition is deemed filed on February 29, 2000, the

day Smith signed the declaration of mailing. Calculating from January 20, 1999, the last day Smith could have filed his federal petition without tolling, Smith's current federal petition was filed 405 days late. With tolling, as calculated by the district court using the dates that habeas petitions were denied to start the tolling period, Smith filed his federal habeas petition twenty-two (22) days late. Smith, therefore, failed to meet his burden of alleging facts which would indicate that he satisfies AEDPA's statute of limitations after considering statutory tolling.

■ The Government, however, did not argue in district court or on appeal that Smith failed to meet his burden of alleging tolling facts. The Government noted that the record does not provide the requisite filing dates. The Government did not use that information affirmatively, but merely assumed various filing dates. Because the Government failed to raise this issue, Smith, a pro se prisoner litigant, was not afforded an adequate opportunity to provide the facts pertinent to tolling. *See Windham v. Merkle*, 163 F.3d at 1101 (giving petitioner an opportunity to overcome the procedural default when no argument as to a procedural bar was raised by the government,); *see also Herbst v. Cook*, 260 F.3d at 1042–44.

■ In *Windham*, we remedied the situation by remanding to the district court for additional proceedings. *See Windham*, 163 F.3d at 1101. In this case, however, remand is unnecessary. We may take judicial notice of the relevant state court documents, because those documents have a direct relationship to Smith's appeal. *See United States v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir.1992).

While Smith's first state appellate habeas petition does not indicate when it was delivered to prison officials or mailed, the petition was file stamped February 4, 1998.

Accordingly, Smith's first set of state petitions toll AEDPA's limitation period from at least February 4, 1998 through September 25, 1998 (thirty days after the first state supreme court ruling), or 234 days. The Declaration of Service by Mail attached to Smith's superior court petition is dated September 7, 1999. Smith's second set of state petitions increase the tolling period from September 7, 1999 through February 24, 2000 (thirty days after the second state supreme court ruling), or 171 days. Adding these two time periods, Smith's state petitions tolled for 405 days, the exact number of days necessary to toll AEDPA's limitation period. Smith's federal petition is therefore timely. Accordingly, we reverse the district court's order dismissing Smith's habeas petition and remand with instruction to deny the Government's motion to dismiss.

**REVERSED AND REMANDED.**