**Paul S. MILLSAP, Petitioner–Appellant,**

v.

**Larry SMALL, Respondent–Appellee.**

No. 01–56269.

D.C. No. CV–99–9821–MMM (BQR).

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 12, 2002.*

Decided Aug. 20, 2002.

Before SCHROEDER, Chief Judge, and TASHIMA and RAWLINSON, Circuit Judges.

MEMORANDUM **

Paul S. Millsap appeals the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition as time-barred. *See* 28 U.S.C. § 2244(d)(1). We reverse and remand.

Millsap was entitled to statutory tolling while his first state habeas petition was pending. *See Carey v. Saffold*, —— U.S. ——, 122 S.Ct. 2134, 2137–41, —— L.Ed.2d—— (2002). Tolling also applied while his second set of petitions was pending in the state courts. *See Smith v. Duncan*, 297 F.3d 809, 814–15 (9th Cir. 2002). Further, it is apparent that the approximate thirty-day delays between the trial-appellate and appellate-Supreme court filings during the second set of state habeas petitions were not unreasonable. *Cf. Carey*, —— U.S. at ——, 122 S.Ct. at 2139–42 (remanding to Ninth Circuit for consideration of whether four and one-half month delay in filing for habeas relief in the California Supreme Court was unreasonable). Because with tolling, less than one year elapsed from the date that Millsap's conviction became final to the date when he ultimately filed his federal habeas petition, the district court erred by dismissing it as untimely.

**REVERSED AND REMANDED.**

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.