IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-60982
Conference Calendar
_____

CARTER EARL FROST,

                                        Petitioner-Appellant,

versus

ROBERT BUBBA ARMSTRONG,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:01-CV-108-S
--------------------
October 29, 2002

Before DeMOSS, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

The district court has granted Carter Earl Frost, Mississippi prisoner #44758, a certificate of appealability (COA) to appeal the denial of his 28 U.S.C. § 2254 application as successive and time-barred. Appellate review is limited to those issues. See Lackey v. Johnson, 116 F.3d 149, 151 (5th Cir. 1997). Frost argues that a habeas application that is filed after a previous petition was dismissed without being adjudicated on the merits for failure to exhaust state remedies is not a

_____

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

successive application and that he is excused from the requirement that his application not be successive or time-barred because he was hindered from complying with the state statutory rules.

Frost's application challenged his prior guilty-plea conviction, which was used as a basis of enhancing his current sentence for his 1991 conviction. While Frost is no longer "in custody" for the prior conviction, the jurisdictional requirement of being "in custody" is satisfied by considering the petition as a challenge to the current conviction. See Dilworth v. Johnson, 215 F.3d 497, 500 (5th Cir. 2000). However, if Frost's application is so construed, it is successive. His prior federal habeas application was not dismissed for failure to exhaust state remedies, but for procedural bar. Frost did not receive authorization from this court, and the district court was correct that it did not have jurisdiction to hear the application because Frost could have raised his challenge to the prior conviction at the time his initial petition was filed. See 28 U.S.C. § 2244(b)(3)(A); United States v. Orozco-Ramirez, 211 F.3d 862, 867 (5th Cir. 2000).

The district court's alternative holding that Frost's application is time-barred is also correct. Frost fails to describe how the alleged state-created impediment actually impeded him from filing the instant 28 U.S.C. § 2254 petition at an earlier date or when this alleged state-created impediment was

removed. Thus, the court considers the one-year time period as beginning on the effective date of the Antiterrorism and Effective Death Penalty Act. See 28 U.S.C. § 2244(d); Flanagan v. Johnson, 154 F.3d 196, 199-200 & n.2 (5th Cir. 1998).

Neither of Frost's state-court habeas applications were pending during that one-year period and thus did not toll that period. See 28 U.S.C. § 2244(d)(2). Frost's first 28 U.S.C. § 2254 application also did not toll the limitation period. See Grooms v. Johnson, 208 F.3d 488, 489 (5th Cir. 1999). Because Frost's instant application was signed well outside the one-year period, his habeas application is time-barred.

Frost's application is successive and time-barred. The district court's judgment is AFFIRMED. Frost's motion to have this court declare respondent's brief moot is DENIED.