United States Court of Appeals
Fifth Circuit

**F I L E D**

January 10, 2005

Charles R. Fulbruge III
Clerk

In the

# United States Court of Appeals
## for the Fifth Circuit

---

m 03-21139

---

MARK DAVID GODFREY,

Petitioner-Appellant,

VERSUS

DOUG DRETKE,

DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee.

---

Appeal from the United States District Court
for the Southern District of Texas

---

Before HIGGINBOTHAM, SMITH, and
BENAVIDES, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

In 1998, Mark Godfrey was convicted of burglary of a habitation and was sentenced to fifty years' imprisonment. His sentence was enhanced by expired convictions from 1982 and 1991 (together, the "expired convic-

tions"). In December 2000 he filed a state application for postconviction relief, alleging that the 1998 conviction was erroneously enhanced by the expired convictions. The Texas Court of Criminal Appeals ("TCCA") rejected that application. In October 2001 Godfrey filed two more state applications for postconviction relief alleging the same deficiencies as in his December 2000 application but styling the new applications as direct

attacks on the 1982 and 1991 convictions. The TCCA rejected these petitions as well.

Godfrey filed the instant petition under 28 U.S.C. § 2254 in April 2002. The district court found his federal petition to be time-barred, reasoning that his October 2001 petitions had not tolled the applicable statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The court decided, however, that the issue is debatable and issued a certificate of appealability ("COA") on the tolling question.

### I.
### A.

The following is a chronology of important events beginning with Godfrey's 1998 conviction (the "current conviction"):

•October 14, 1998: Convicted of burglary of a habitation.

•December 16, 1999: Current conviction and sentence affirmed on direct appeal.

•May 3, 2000: TCCA refused petition for discretionary review of the current conviction.

•August 1, 2000: Conviction became final by expiration of 90-day period to petition for writ of certiorari (as found by district court).

•December 18, 2000: Godfrey filed single state application for postconviction relief challenging expired convictions insofar as they were used to enhance current conviction.

•June 6, 2001: TCCA denied December 2000 application.

•October 26, 2001: Godfrey filed two state postconviction applications directly challenging validity of 1982 and 1991 convictions.

•January 25, 2002: Statute of limitations expired (as determined by district court).

•February 6, 2002: TCCA denied October 2001 state postconviction applications.

•April 28, 2002: Godfrey filed the instant § 2254 petition challenging 1998 burglary conviction and sentence.

### B.

In his December 2000, application for postconviction relief, Godfrey argued that his sentence had been erroneously enhanced by invalid convictions.[1] The TCCA denied the application on June 13, 2001. One hundred seventy-seven days elapsed between the filing and the denial.

---

[1] Specifically, Godfrey sought postconviction relief alleging, with respect to his 1982 conviction, that he had been sentenced to five years' probation and that his 1988 revocation hearing was outside the five-year probationary period. Therefore, he argued, under Texas law the conviction was not final and could not be used for enhancement purposes. He also contended that the revocation was invalid because his counsel was absent during the revocation hearing.

Godfrey argued that his 1991 conviction was invalid because his appointed counsel failed to appear at the preliminary hearing and plea negotiations with the prosecutor, the latter of which Godfrey avers resulted in an uncounseled plea agreement.

On October 26, 2001, Godfrey filed two state postconviction applications challenging the expired convictions directly. The substance of the challenges were identical to those articulated in Godfrey's challenge to the use of the two convictions for enhancement. The TCCA rejected these applications on February 6, 2001. One hundred five days elapsed between the filing and the rejection.

On April 28, 2002, Godfrey filed the instant § 2254 petition, challenging the sentence associated with the current conviction, arguing (1) that the trial court had erroneously considered the expired convictions because the state did not notify him of its intent to introduce them; (2) that the state court erroneously used the convictions to enhance his sentence (for the same reasons he stated in his state application for postconviction relief); and (3) that he received ineffective assistance of trial counsel. The state moved for summary judgment, alleging that the petition was time-barred.

The district court agreed, determining that because Godfrey's 1998 conviction had become final on August 1, 2000, and because his state postconviction application tolled the limitations period for 177 days, his petition was untimely as of January 25, 2002. It therefore rejected his April 2002 § 2254 petition.

Godfrey filed a FED. R. CIV. P. 59(e) motion to arrest judgment, arguing that his October 2001 applications challenging the expired convictions should have tolled limitations and that his April 2002 § 2254 petition was not time-barred. The district court rejected this argument.

The district court relied on *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401-02 (2001), for the proposition that attacks on expired convictions used to enhance current sentences generally do not state a cognizable claim in § 2254 proceedings where the state challenges to the expired convictions are themselves time-barred. The major exception to that rule involves cases in which the habeas application alleges a failure to appoint counsel. Deciding that Godfrey did not fit under the exception, the court determined that he could not collaterally attack the expired convictions in a § 2254 proceeding. Based on that reasoning, the court then opined that Godfrey's state postconviction applications challenging the expired convictions did not toll limitations under § 2244(d)(2) because they were not challenges to the "pertinent judgment or claim."

II.

Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." The fundamental issue is whether Godfrey's two October 2001 state postconviction applications tolled the limitations period for filing a § 2254 petition regarding his current conviction. If they did, Godfrey's April 2002 federal habeas petition challenging his 1998 conviction was timely; if they did not, his petition was time-barred under § 2244(d)(2).

As a preliminary matter, we divide our analysis into three components: (1) the jurisdictional component, i.e., whether Godfrey was "in custody" for purposes of federal habeas jurisdiction; (2) whether his state petition states a cognizable claim under § 2254; and (3) the limitations statute's tolling requirements. The primary focus is the third

component.[2]

## A.

The state does not challenge federal jurisdiction over Godfrey's application. In *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989), the Court held that § 2254's "in custody" requirement is satisfied when a habeas petitioner attacks an expired conviction used to enhance his current punishment if the § 2254 petition can be read as a challenge to the current conviction.[3]

## B.

Section 2244(d)(2) provides for tolling during the pendency of a properly filed application for state postconviction relief with respect to the pertinent judgment or claim. A state application is "properly filed" if it meets certain formal requirements and if the court in which it is filed has jurisdiction to consider it. *See Artuz v. Bennett*, 531 U.S. 4, 9-10 (2000);

*Larry v. Dretke*, 361 F.3d 890, 893 (5th Cir.), *cert. denied*, 125 S. Ct. 141 (2004). According the state petitions some level of judicial review, the TCCA exercised jurisdiction sufficient to qualify Godfrey's state applications as "properly filed" under the § 2244(d)(2) requirement.[4]

## III.

Regarding the denial of habeas relief, the district court's findings of fact are reviewed for clear error and issues of law *de novo*. *Moody v. Johnson*, 139 F.3d 477, 480 (5th Cir. 1998).

Section 2244(d)(2) states that "[t]he time during which a properly filed application for State postconviction or other collateral review *with respect to the pertinent judgment or claim is pending* shall not be counted toward any period of limitation" (emphasis added).

## A.

The district court correctly observed that, although federal courts may exercise jurisdiction over habeas petitions that attack expired convictions used to enhance a sentence, the Supreme Court has said that they generally do not state a cognizable legal claim. *See Coss*, 532 U.S. at 402. The Court has recognized an exception where the conviction "was obtained [because of] a failure to appoint counsel in violation of the Sixth Amendment," as set forth in *Gideon v. Wainwright*, 372 U.S. 335 (1963). *See Coss*, 532 U.S. at 404. In those

---

[2] We address only the tolling question. The district court granted a COA that actually raises six issues, but given that the entirety of the court's opinion seems to concern the tolling issue, we infer (and it seems clear from the briefs) that it meant to grant a COA on that issue alone.

[3] *Maleng*, however, left open the question of "the extent to which the [prior expired] conviction itself may be subject to challenge in the attack upon the [current] senten[ce] which it was used to enhance." *Maleng*, 490 U.S. at 484. The *Maleng* Court therefore noted explicitly the distinction between the inquiry surrounding whether the "in custody" requirement is satisfied and the inquiry surrounding whether the petitioner can state a cognizable claim. This is not the same operative distinction creating confusion in this case, but it underscores the need to distinguish between the cognizability requirements and other components of the tolling statute.

[4] The applications were denied without written order, indicating that they were "accorded some level of judicial review" by the TCCA. *See Jackson v. Johnson*, 150 F.3d 520, 524 (5th Cir. 1998) (observing that in Texas writ jurisprudence, a denial of relief instead of a dismissal by the TCCA disposes of the merits of the claim); *Ex Parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

instances, the petitioner may attack the expired conviction used to enhance a current one irrespective of whether the expired conviction remains open to direct or collateral attack.

The question whether Godfrey may state a cognizable claim under § 2254, however, is distinct from the issue of tolling. The question in this appeal is whether Godfrey's October 2001 state habeas applications tolled the statute of limitations under § 2244(d)(2). The district court seems to have conflated the two inquiries, reasoning that, because Godfrey failed to demonstrate that he was without counsel during proceedings associated with the expired convictions, his state petitions attacking the expired convictions did not toll limitations for his federal petition.[5]

Although the COA did not issue for this question, the district court was correct in determining that Godfrey's state petition did not fit within the *Coss* exception for purposes of determining legal cognizability. Where the enhanced conviction is obtained after failure to appoint counsel in violation of the Sixth Amendment,[6] the petitioner may attack the enhanced sentence irrespective of the status of convictions used to enhance it. Godfrey basically alleges that his plea of *nolo contendere* in the 1991 conviction) and his probation revocation in the 1982 conviction) were uncounseled. The district court adequately explained why Godfrey does not qualify for the *Coss* exception, but the cognizability issue is not before us now.

B.

Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." The important issue is whether Godfrey's October 2001 state habeas applications challenging the expired convictions constitute attacks on the "pertinent judgment or claim," namely the 1998 conviction that the two expired convictions were used to enhance. On no occasion has this court had to parse carefully the relevant phraseology and decide what, for purposes of 2244(d)(2), constitutes a pertinent judgment and what constitutes a pertinent claim.

---

[5] Essentially, the district court determined that because Godfrey's October 2001 applications did not state cognizable § 2254 claims, they could not toll the § 2244(d)(2) statute of limitations. There appears to be no Fifth Circuit authority on this issue, but that reasoning appears both (1) counter-intuitive, given that it would render the statute of limitations inquiry entirely redundant of a merits inquiry, and (2) counter to the law of other circuits.

Other courts of appeals have found that a state application attacking expired convictions insofar as they are used for enhancement purposes satisfies the "pertinent judgment" component of the tolling inquiry. *See, e.g.*, *Ford v. Moore*, 296 F.3d 1035, 1038, 1040 (11th Cir. 2002) (tolling limitations period regardless of whether properly filed state application raised a federally cognizable claim); *Sweger v. Chesney*, 294 F.3d 506, 509 (3d Cir. 2002) (tolling limitations period during pendency of state postconviction application regardless of the claims raised therein); *Tillema v. Long*, 253 F.3d 494, 502 (9th Cir. 2001) (stating that the "period of limitation is tolled during the pendency of a state application challenging the pertinent judgment, (continued...)

[5](...continued)
even if the particular application does not include a claim later asserted in the federal habeas petition").

[6] This determination is made pursuant to *Gideon*, 372 U.S. at 335.

Godfrey argues that *Dilworth v. Johnson*, 215 F.3d 497 (5th Cir. 2000), controls the tolling issue. That case dealt with a similar situation, where the federal petitioner challenged, in a state writ application, a conviction that was used to enhance the current conviction. The *Dilworth* court, *id.* at 501, found that a state application challenging enhancing convictions tolled the limitations period for filing a federal petition challenging the current conviction. The *Dilworth* petitioner both (1) plainly stated in his state applications that he was challenging the prior conviction insofar as it was being used to enhance his current one and (2) raised the same claims in his state and federal petitions. *Id.*

We decline Godfrey's invitation to equate the set of facts with those in *Dilworth*, and we instead rely on an alternative rationale in affirming.[7] The *Dilworth* petitioner's state habeas application alleged that he received ineffective assistance of counsel with respect to his expired conviction. That court stated that "[c]ommon sense dictates that Dilworth's second state habeas conviction challenged a 'pertinent judgment or claim' under the plain language of Section 2244(d)(2)."

Neither of Godfrey's October 2001 state postconviction applications purports to chal-

lenge his current conviction—the subject of his § 2254 petition. The text of his federal petition incorporates claims from his December 2000 state habeas application challenging the expired convictions used for enhancement purposes.

On the facts of this case, Godfrey's October 2001 applications also did not challenge a pertinent judgment for tolling purposes. Our decision in this regard is, however, quite limited. We so decide only because, on the instant facts, it is impossible to construe Godfrey's October 2001 state petitions as challenging the enhanced conviction. In *Dilworth*, 215 F.3d at 501, the court construed the petitioner's state applications as challenges to the expired convictions insofar as they questioned the current conviction in spite of cosmetic wording to the contrary. We did so because we were "unpersuaded that these minor differences warrant the conclusion that Dilworth's state habeas application was not . . . [properly filed] pursuant to section 2244-(d)(2)." *Id.* It is worth noting that the *Dilworth* court's inquiry focused on whether the application was "properly filed" and not on whether it challenged a pertinent judgment or claim; but the fact that we held the state application to toll limitations suggests that, at least implicitly, we thought that the application indeed made such a challenge.

Godfrey, on the other hand, filed a habeas petition in December 2000 challenging the fact that his 1998 sentence had been inappropriately enhanced by invalid convictions. His October 2001 postconviction applications challenged those convictions themselves. We cannot construe the October 2001 applications as the *Dilworth* court construed the applications before it. Because Godfrey filed an application challenging the expired convic-

---

[7] The state encourages us to refuse to treat *Dilworth* as controlling, but for a different reason. The state urges that *Coss* overrules *Dilworth*. For the reasons discussed above, *Coss* deals with whether a state petition must include a cognizable federal claim, not whether such a claim (or failure to make it) in a state petition tolls the applicable statute of limitations. The state devotes considerable time attempting to re-cast *Coss*'s ruling on a petitioner's ability to state cognizable claims as a ruling on the types of state post-conviction procedures that toll limitations.

tions for enhancement purposes in December 2000, we cannot interpret the October 2001 application as making precisely the same attack. For those reasons we must construe the application as challenging different judgments (the expired convictions),[8] and, for reasons we explain, prudence counsels against interpreting those applications as challenges to a pertinent claim.

## C.

The remaining, and indeed most important, inquiry, then, is whether Godfrey's state petitions qualify as challenging a "pertinent claim" under § 2244(d)(2). Again, *Dilworth* does not control, because that petitioner's state claims were construed as attacking an enhancement of the current conviction rather than the expired ones themselves. The *Dilworth* court noted that the state petitions obviously challenged a pertinent judgment, and the court made no attempt to determine whether they also challenged a pertinent claim. *See id.* That is the task before us here.

At least one circuit has found that an application relating to an expired state sentence used to enhance a current conviction constitutes a "pertinent claim" for tolling purposes. *See Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002). We nonetheless decline to find Godfrey's October 2001 state applications to be challenges to the "pertinent claim," but we distinguish the instant facts from those in *Smith*.

Our decision is narrow, however, and should not be interpreted categorically to time-bar all challenges to expired state convictions as beyond the "pertinent claim" language of § 2244(d)(2). We instead limit our reasoning to situations, such as here, in which the petitioner previously submitted a prior state postconviction application (attacking the current conviction) making precisely the same substantive claims that he makes in his current ones (attacking the expired convictions).[9] In *Smith*, the petitioner did not submit multiple state petitions making the same underlying substantive claims. *See id.* at 811-12.

Allowing the limitations period to toll in these sorts of situations would encourage defendants to make entirely redundant arguments in state court, styled in the first effort as attacks on expired convictions insofar as they are used to enhance a current sentence and, on the second, as attacks on the expired convictions directly. Under Godfrey's theory, the more enhancing convictions a petitioner has, the more tolling time he can accumulate before filing a federal petition. Habitual criminals

---

[8] In the cases previously cited discussing tolling status where the petitioner advanced a non-cognizable legal claim (*see* note 5, *supra*), all of the state applications attacked the same judgment attacked in the federal petitions. The facts of this case, however, cannot support such an interpretation of Godfrey's October 2001 state applications. That logical leap is always achieved by construing the state applications regarding expired convictions as challenges to enhanced current ones. In light of his December 2000 postconviction application, however, Godfrey's petition can bear no such interpretation.

[9] Attacks on expired convictions may be capable of tolling the limitations period, but only where a court may construe those applications as raising a pertinent claim. Here, where Godfrey's October 2001 applications made precisely the same arguments that his December 2000 applications did, and where the December 2000 applications were styled as an attack on the expired convictions insofar as they were used to enhance Godfrey's sentence, tolling should not be allowed.

would enjoy a dramatic advantage over first-time offenders in the sense that they would have more enhancing convictions available to toll limitations under § 2244-(d)(2). Although such considerations may justify a more sweeping ruling—that state postconviction proceedings challenging expired convictions should not toll limitations under any circumstances—at this time we merely adopt the more limited rationale governing situations in which the validity of the expired convictions has already been attacked in a state postconviction objection to the enhanced sentence.

## IV.

Godfrey argues that because *Coss* was decided after he sought state postconviction relief, it should not be retroactively applied to him in a manner that he alleges violates the Ex Post Facto Clause. This argument is unavailing on several fronts, but we nonetheless decline to reach it on the merits.[10]

We need not rely on the retroactive application of *Coss* to rule that Godfrey's § 2254 petition is time-barred. We instead rely on analysis articulated in part III, *supra*, that Godfrey's October 2001 state applications did not challenge a "pertinent judgment or claim" within the meaning of § 2244(d)(2).

---

[10] The *ex post facto* claim is frivolous. For an *ex post facto* violation to occur, a new law must create a sufficient risk of increasing the punishment attached to the crimes. See *Warren v. Miles*, 230 F.3d 688, 692 (5th Cir. 2000). *Coss* did not announce a new law that increased Godfrey's punishment for his burglary conviction. Of course, one could reason that the expected value of his sentence increased as a result of the *Coss* presumption against challenges to sentences enhanced on the basis of expired convictions, but that connection is far too attenuated to merit endorsement here.

AFFIRMED.

8