# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 26, 2008

Charles R. Fulbruge III
Clerk

No. 06-51081
Summary Calendar

CHARLIE FLENTROY

Petitioner-Appellant

v.

NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:06-cv-00188

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Charlie Flentroy,[1] Texas prisoner No. 1126349, was granted a certificate of appealability to appeal the district court's determination that he has not exhausted his state remedies with regard to an affirmative finding of a deadly weapon used to enhance his sentence. Flentroy's motion to stay proceedings in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] The petitioner spells his name "Flentroy," and the docket uses that spelling; however, the state courts have consistently used the spelling "Flenteroy."

this court so that he may pursue a new claim unrelated to the arguments in his federal habeas petition is denied, as is his motion for permission to file a supplemental brief. Flentroy's motion to correct records is denied as moot. In addition, Director Quarterman's motion to supplement the record is denied.

A jury acquitted Flentroy of aggravated robbery by use or exhibition of a deadly weapon and convicted him of the lesser included offense of simple robbery; however, the jury made an affirmative finding of a deadly weapon during the penalty phase of trial. See Flenteroy v. State, 105 S.W.3d 702, 704-05 (Tex. App. 2003). The Court of Appeals of Texas modified the judgment to delete the deadly weapon finding, but the Texas Court of Criminal Appeals granted the State's petition for discretionary review and reversed and remanded for reinstatement of the affirmative finding of a deadly weapon. Flenteroy v. State, 187 S.W.3d 406 (Tex. Crim. App. 2005) (en banc).

Flentroy's federal habeas petition asserts that the evidence was insufficient to support the deadly weapon finding; that the sentence enhancement violated principles of double jeopardy because his acquittal of aggravated robbery made it implicit that the jury found that the offense did not involve a deadly weapon; and that the indictment did not provide adequate notice to support the finding of a deadly weapon. Flentroy argues that he has exhausted his federal claims because he presented the substance of his arguments to the Texas Court of Criminal Appeals in opposition to the State's petition for discretionary review. He further argues that exhaustion would be futile because the Court of Criminal Appeals has considered and rejected his substantive arguments on the merits.

The Respondent argues that, under Texas law, Flentroy defaulted his claims by failing to preserve them in a cross-petition for discretionary review. See Keith v. State, 782 S.W.2d 861, 864 (Tex. Crim. App. 1989) (en banc); Wilson v. State, 772 S.W.2d 118, 120 & n.3 (Tex. Crim. App. 1989) (en banc). Claims are not exhausted unless an applicant has presented his claims to the state courts

in compliance with state court rules.  Mercadel v. Cain, 179 F.3d 271, 275 (5th Cir. 1999).

A federal habeas court may excuse a petitioner's failure to exhaust state remedies and review his constitutional claims on the merits if the petitioner demonstrates cause and prejudice for the default or if he establishes that failure to consider the claims will result in a fundamental miscarriage of justice.  Morris v. Dretke, 413 F.3d 484, 491 (5th Cir. 2005); Coleman v. Thompson, 501 U.S. 722, 750 (1991).  Flentroy has not attempted to make either showing.

A further exception to the exhaustion requirement applies when exhaustion would be plainly futile.  Morris, 413 F.3d at 492.  The exhaustion requirement is satisfied when the substance or "substantial equivalent" of the petitioner's claims has been "fairly presented to the highest state court." Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998); see also Picard v. Connor, 404 U.S. 270, 275-78 (1971).  Exhaustion is unnecessary when "resort to state remedies would be futile, because . . . the state court's attitude toward a petitioner's claims is a foregone conclusion."  Dilworth v. Johnson, 215 F.3d 497, 501 (5th Cir. 2000) (internal quotation marks omitted).  A "subtle incongruity between [state] procedural rules and federal case law" should not bar consideration of a petitioner's constitutional claims where, as in this case, the issue was accorded some level of judicial review.  Id.

The record shows that Flentroy presented the substantial equivalent of his federal constitutional claims to the Court of Criminal Appeals in his brief opposing the State's petition for discretionary review.  As the Court of Criminal Appeals has considered and rejected these claims on the merits, we conclude that, in the particular circumstances of this case, exhaustion of Flentroy's claims would be futile and that it is therefore unnecessary.  Id.  Accordingly, we vacate the dismissal without prejudice of Flentroy's federal petition for failure to exhaust state remedies and remand for consideration on the merits.

VACATED AND REMANDED.  All pending motions are DENIED.