# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 19, 2009

Charles R. Fulbruge III
Clerk

No. 08-20122
Summary Calendar

DAVID MATTHEW KURTZEMANN

Petitioner-Appellant

v.

NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CV-4490

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

On January 17, 1997, David Matthew Kurtzemann, Texas prisoner # 1468815, was convicted pursuant to a guilty plea of driving while intoxicated. He was sentenced as a third time offender to 16 years of imprisonment. His 1997 conviction was used to enhance his sentence for an October 10, 2007, conviction of driving while intoxicated. Kurtzemann seeks a certificate of appealability (COA) from this court to appeal the district court's dismissal of his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

28 U.S.C. § 2254 application challenging the validity of his 1997 conviction. The district court held that Kurtzemann's application was barred by limitations to the extent it independently challenged his 1997 conviction. The district court further held that Kurtzemann's application was unexhausted to the extent it challenged his 2007 conviction as enhanced by his 1997 conviction.

A COA will issue only if the petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). When a habeas petition has been dismissed on procedural grounds, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Kurtzemann contends that the district court erred in dismissing his habeas application in part as time barred. He argues that the limitations period in his case should have been equitably tolled in light of his mental illness and his actual innocence. Kurtzemann has not shown that jurists of reason would find it debatable whether the district court's dismissal in part of his § 2254 application as time-barred was correct. Accordingly, we deny Kurtzemann's motion for a COA as to that issue.

Kurtzemann also contends that the district court erred in dismissing his habeas application in part for failing to exhaust his state court remedies. Kurtzemann alleges that any attempt to challenge the enhancement of his 2007 conviction based upon his 1997 conviction would have been futile because the state courts had already rejected his challenges to his 1997 conviction.

The record on appeal does not include the brief Kurtzemann filed in his state habeas corpus application. It is therefore impossible to tell whether Kurtzemann's current arguments are substantially equivalent to Kurtzemann's prior habeas claims. If the Texas Court of Criminal Appeals has considered and rejected the substance of Kurtzemann's challenge to his 1997 conviction, it is

arguable that the futility exception to the exhaustion requirement applies in this case. See Dilworth v. Johnson, 215 F.3d 497, 501 n.3 (5th Cir. 2000). Moreover, although the district court may sua sponte raise a petitioner's failure to exhaust, Kurtzemann was not given notice and an opportunity to respond to the exhaustion issue. See Day v. McDonough, 547 U.S. 198, 209-10 (2006); Magouirk v. Phillips, 144 F.3d 348, 357-59 (5th Cir. 1998). Accordingly, reasonable jurists could debate the correctness of the district court's procedural ruling. See Slack, 529 U.S. at 484.

The district court pleadings, the record, and the COA application do not make clear that reasonable jurists could not debate whether Kurtzemann has made a valid showing of a constitutional deprivation as to his underlying claims. See Houser v. Dretke, 395 F.3d 560, 562 (5th Cir. 2004). We therefore grant Kurtzemann a COA to appeal the district court's dismissal of his § 2254 application to the extent his application was dismissed as unexhausted. The district court's judgment dismissing Kurtzemann's § 2254 application as unexhausted is vacated and this matter is remanded to the district court for further proceedings consistent with this opinion. We express no sentiment on the ultimate outcome of the proceedings.

COA DENIED IN PART; COA GRANTED IN PART; VACATED IN PART; REMANDED.