**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES BUSTAMANTE,<br><br>        Petitioner - Appellant,<br><br>  v.<br><br>D. ADAMS, Warden,<br><br>        Respondent - Appellee. | No. 09-17879<br><br>D.C. No. 2:08-cv-02105-JAM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted July 12, 2011[**]

Before:    SCHROEDER, ALARCÓN, and LEAVY, Circuit Judges.

California state prisoner James Bustamante appeals from the district court's

judgment dismissing his 28 U.S.C. § 2254 habeas petition as untimely. We have

jurisdiction under 28 U.S.C. § 2253, and we affirm.

Bustamante contends that his federal habeas petition is not barred because

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the one-year statute of limitations provided for by the Antiterrorism and Effective Death Penalty Act ("AEDPA") was not triggered until he discovered the factual predicate for his ineffective assistance of counsel claim, which occurred when he was denied parole at the age of 31 after serving more than 13 years of his sentence. This contention lacks merit. *See* 28 U.S.C. § 2244(d)(1)(D); *see also Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (stating that the statute of limitations begins to run when the prisoner knows, or through diligence could discover, the important facts, not when the prisoner recognizes their legal significance).

Bustamante's motion for judicial notice is granted. *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (judicial notice taken of relevant state court documents with a direct relationship to appeal).

**AFFIRMED.**