**Tony Eugene SAFFOLD, Petitioner–Appellant,**

**v.**

**Thomas L. CAREY,\* Respondent–Appellee.**

**No. 99–15541.**

United States Court of Appeals,
Ninth Circuit.

Dec. 4, 2002.

As Amended on Denial of Rehearing
Jan. 14, 2003.

Tony Eugene Saffold, Avenal, CA, Mary Katherine McComb, Davis, CA, for Petitioner–Appellant.

Stanley A. Cross, AAG, Attorney General's Office, Sacramento, CA, for Respondent–Appellee.

Before B. FLETCHER, CANBY, and O'SCANNLAIN, Circuit Judges.

## OPINION

O'SCANNLAIN, Circuit Judge.

The Supreme Court having vacated the opinion of this court in *Saffold v. Newland,* 250 F.3d 1262 (9th Cir.2001), and remanded, we must decide whether the California Supreme Court's order denying Appellant's habeas corpus petition both "on the merits and for lack of diligence" means that his petition before that court was untimely and therefore ineligible for tolling

---

\* Thomas L. Carey is substituted for his predecessor, Anthony Newland. *See* Fed. R.App. P. 43(c)(2).

with respect to the one-year statute of limitations for state prisoners seeking habeas relief in federal court.

## I

In 1990, a California state court found Tony Eugene Saffold guilty of murder, assault with a firearm, and two counts of robbery. Saffold's conviction was affirmed on direct review and became final on April 20, 1992.

Four years and four days later, Congress passed the Antiterrorism and Effective Death Penalty Act, Pub.L. No. 104–132, 110 Stat. 1214 ("AEDPA"), which imposed a one-year statute of limitations for state prisoners seeking habeas relief in federal courts. For prisoners whose convictions became final before the AEDPA's passage—as Saffold's did—the one-year statute of limitations began to run on the effective date of the act, April 24, 1996. The statute, however, contains a tolling provision: "The time during which a properly filed application for State post-conviction or other collateral review ... is pending shall not be counted toward any period of limitation." 28 U.S.C. § 2244(d)(2).

Saffold filed his state habeas petition in the state trial court one week before the federal deadline. That petition was denied. Five days later, Saffold filed a petition in the state court of appeal. That petition also was denied. Saffold then waited four and one-half months before filing his final state petition with the California Supreme Court. Once again, Saffold's petition was rejected in a one-sentence order in which the California Supreme Court stated that it had denied the petition "on the merits and for lack of diligence."

Approximately one week later, Saffold petitioned for habeas relief in federal district court. The district court, in rejecting Saffold's petition, held that the one-year

statute of limitations was tolled only for that period of time during which the state courts were *actively* considering his petition—a period that did not include the intervals between each state court's rejection of his petition and Saffold's subsequent re-filing of the petition in a higher court. Subtracting the intervals between Saffold's successive petitions in the California state courts—most notably the four and one-half month delay between the court of appeal's ruling and his application to the California Supreme Court—the district court found that the tolling period was not long enough to make his petition timely. Accordingly, it dismissed Saffold's petition.

This court reversed the district court and held that the entire time Saffold's petition was being processed in the state courts—including the intervals between the rejection of the petition by one state court and Saffold's refiling with the higher state court—was tolled for the purposes of AEDPA's one-year statute of limitations. *See Saffold*, 250 F.3d at 1266–67. We further held that Saffold's petition to the California Supreme Court was timely despite the fact that he had waited four and one-half months after the court of appeal denied his petition before re-filing with the state's highest court. We justified the latter holding by noting that the California Supreme Court had denied Saffold's petition for "lack of diligence and on the merits," language indicating that the court had "applied its untimeliness bar only after considering to some degree the underlying federal constitutional questions raised." *Saffold*, 250 F.3d at 1267.

The United States Supreme Court granted certiorari and considered three questions:

"(1) Does [the] word ['pending'] cover the time between a lower state court's

decision and the filing of a notice of appeal to a higher state court?

(2) If so, does it apply similarly to California's unique state collateral review system—a system that does not involve a notice of appeal, but rather the filing (within a reasonable time) of a further original state habeas petition in a higher court?

(3) If so, was the petition at issue here . . . pending during that period, or was it no longer pending because it failed to comply with state timeliness rules?"

*Carey v. Saffold,* 536 U.S. 214, ——, 122 S.Ct. 2134, 2136, 153 L.Ed.2d 260 (2002). The Court answered the first two questions affirmatively but nevertheless held that our reliance on the California Supreme Court's use of the words "on the merits" as conclusive proof that Saffold's petition was not untimely was misplaced. Finding that "the words 'on the merits' . . . cannot by themselves indicate that the petition was timely," *id.* at 2141, the Court remanded the case to this court for further consideration of the third question.

## II

Because the Supreme Court has held that AEDPA's limitations period for federal habeas review is tolled for the *entire* time that a habeas petition is "pending" in state court, *see Carey,* 536 U.S. 214, —— ——, 122 S.Ct. 2134, 2136–37, 153 L.Ed.2d 260 (2002), the central question in this case is now quite a narrow one, namely the meaning of the California Supreme Court's minute order denying Saffold's petition both "on the merits" and "for lack of diligence." More specifically, the issue is whether the California Supreme Court's use of the phrase "lack of diligence" means that Saffold's original habeas petition before that court was untimely. If that is what the order means, then Saffold's four and one-half month delay is not tolled and

he is barred from petitioning for habeas relief in federal court. If, on the other hand, the California Supreme Court's "lack of diligence" language was meant to indicate some other failure by Saffold in the pursuit of habeas relief—such as his initial five-year delay in seeking post-conviction relief in state court—then his petition was timely filed and therefore "pending" for the purposes of AEDPA's tolling provision.

### A

In support of its position, the State notes that the Supreme Court concluded that California's habeas review procedures—despite requiring inmates to file an original petition at every level—are the "functional equivalent" of a more conventional direct appeal process. *See Carey,* 536 U.S. at ——, 122 S.Ct. at 2140. Given this functional equivalence between California's procedure for habeas review of criminal convictions and its more conventional procedure for direct review of criminal convictions, the state argues that this court should look to the California Rules of Court governing direct review to determine what constitutes an "unreasonable delay" in filing a habeas petition in a higher state court after the lower court has rejected the petition. Those rules require defendants to file notice of their direct appeal within 60 days after the mailing of the notice of the entry of judgment against them. Cal. R. of Court 2 and 31. Thus, the state argues, because collateral review of Saffold's conviction is functionally equivalent to direct review thereof, the time within which he is required to seek review from a higher court should likewise be the same for both forms of review. And because Saffold waited four and one-half months—clearly longer than 60 days—his delay was unreasonable, his petition time-barred, and Saffold himself ineligible for tolling.

## B

The State's argument is not without some surface appeal. Saffold, however, contends that this court need not engage in a legal analysis of what constitutes unreasonable delay under California law. He further argues that there need be no remand for any further factual determinations regarding the precise timing of his petition. This is so, according to Saffold, because there is solid proof that the term "lack of diligence" in the California Supreme Court's order refers to Saffold's five-year delay in filing his *initial* petition for post-conviction relief in state court, not his four and one-half month delay in filing his petition before the California Supreme Court. The proof comes in the form of five orders issued by the California Supreme Court at and around the same time it issued its order denying Saffold's petition (Saffold's petition was denied on May 27, 1998).

These orders are almost identical to Saffold's save for two critical differences. First, they involved inmates who had filed their petitions to the California Supreme Court *more* than four-and-a-half months after the court of appeals rejected their petitions. *See In re Sampson,* No. S066428 (Cal. May 27, 1998) (nine-month delay); *In re Davis,* No. S067677 (Cal. May 27, 1998) (18 month delay); *In re Villegas,* No. S065899 (Cal. May 20, 1998) (seven-month delay); *see also Romero v. Roe,* 130 F.Supp.2d 1148, 1149 (C.D.Cal. 2001) (15 month delay). Second, and more important, none of these orders of the California Supreme Court contains the words "for lack of diligence," which is to say they are denials made solely on the merits—even despite the fact that the delay between the court of appeals' denial of the writ and the filing of the petition before the state supreme court was *longer* than the Saffold's four and one-half month delay.

## III

It is very difficult to read these minute orders alongside the California Supreme Court's order in this case and conclude that the its use of the term "lack of diligence" applies to Saffold's delay in filing his petition with that court. Rather, these contemporaneous court orders demonstrate that the court's finding of "lack of diligence" applies instead to Saffold's five-year delay in *initially* filing his habeas petition in state court. And while Saffold concedes that his five-year delay was clearly problematic under California precedent, that delay is irrelevant to the analysis of whether his application was pending for the purposes of tolling under AEDPA because California's timeliness rule is not a "condition to filing." *See Artuz v. Bennett,* 531 U.S. 4, 11, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000) (holding that state procedural bars are not "conditions to filing" but rather "condition[s] to obtaining relief" and therefore do not render an application improperly filed); *see also Smith v. Duncan,* 297 F.3d 809, 812 (9th Cir.2002) (holding that California's untimeliness bar is not a condition to filing where a petition was accepted for filing); *and Saffold v. Newland,* 250 F.3d 1262, 1269 n. 1 (9th Cir. 2001) (O'Scannlain, J., dissenting) ("The fact that the procedural bar was not with regard to a 'condition to filing' simply means that Saffold's petition was 'properly filed' under" AEDPA.).

The Supreme Court held that Saffold's petition was pending until the California Supreme Court denied it—provided he did not unreasonably delay in filing his petition. This holding, when viewed in light of the California Supreme Court's orders denying on the merits petitions that were far

more tardy than Saffold's, compels the conclusion that Saffold's petition was not denied as untimely by the California Supreme Court, that he is entitled to tolling for the four and one-half month period in question, and that his federal habeas petition should be reviewed on the merits by the district court.[1]

We therefore remand this case to the district court for further proceedings consistent with this opinion.

**REVERSED and REMANDED.**

---

1.  We take pains to note that we have not been asked to provide any bright-line rule for determining what constitutes "unreasonable" delay under California's indeterminate timeliness standard. While such a bright-line rule would certainly be welcomed, it is ultimately irrelevant to the determination of this case. In any event, such an issue is more appropriately decided by the California Supreme Court or the California State Legislature.