Gene Lowell MORAN, Petitioner–
Appellant,

v.

Linda CLARK, Warden, et al.,
Respondents–Appellees.

No. 01–55155.

D.C. No. CV–00–00108–GLT.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 13, 2003.*

Decided Jan. 16, 2003.

Before BEEZER, KLEINFELD, and
PAEZ, Circuit Judges.

MEMORANDUM **

Gene Lowell Moran appeals pro se the district court's order dismissing as untimely his 28 U.S.C. § 2254 petition challenging his convictions for two counts of burglary and two counts of theft with a prior conviction. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, *see* *Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir.1999), and we vacate and remand.

Moran contends that the district court erroneously concluded that he was not entitled to statutory tolling for the ten and one-half month period between the California Court of Appeal's denial of his habeas petition and the filing of another habeas petition in the California Supreme Court.[1] At the time of its order, the district court did not have the benefit of our decision in *Saffold v. Carey*, 312 F.3d 1031, 1035–36 (9th Cir.2002) (concluding that petitioner was entitled to statutory tolling for the period between state petitions because the California Supreme Court did not deny the petition as untimely). Accordingly, we vacate and remand so that the district court may reconsider in light of the Supreme Court's decision in *Carey v. Saffold*, 536 U.S. 214, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002), and this court's decision on remand in *Saffold v. Carey*, 312 F.3d 1031 (9th Cir.2002).[2]

**VACATED and REMANDED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We decline to address Moran's equitable tolling contention because it is beyond the scope of the certificate of appealability. Similarly, we decline to address Moran's argument for an evidentiary hearing. *See* 28 U.S.C. § 2253(c).

2. Petitioner–Appellant's petition for sua sponte ruling on habeas corpus action pursuant to the June 17, 2002 U.S. Supreme Court Opinion in *Carey v. Saffold*, 536 U.S. 214, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002), is denied as unnecessary.