Richard Blaine **WILSON,** Petitioner—Appellant,

v.

R.Q. **HICKMAN,** Warden, Respondent—Appellee.

No. 01–16338.

D.C. No. CV–00–00476–WBS.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 27, 2001.

Withdrawn from Submission March 8, 2002.

Resubmitted Dec. 4, 2002.*

Decided Feb. 7, 2003.

Before CHOY, SKOPIL and FARRIS, Circuit Judges.

MEMORANDUM**

Richard Wilson appeals the district court's ruling that his habeas petition is time-barred. We conclude that Wilson's petition was timely filed. Accordingly, we reverse and remand for further proceedings.

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitation on habeas petitions filed in federal court by state prisoners.

Fed. R.App. P. 34(a)(2). Accordingly, Wilson's motion for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

28 U.S.C. § 2244(d)(1). The AEDPA also provides tolling for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending...." 28 U.S.C. § 2244(d)(2). The Supreme Court recently held that, for purposes of applying § 2244(d)(2) to California's collateral review system, "pending" includes an interval between the state court's disposition of a state habeas petition and the filing of a petition at the next state appellate level. *See Carey v. Saffold*, 536 U.S. 214, 122 S.Ct. 2134, 2140, 153 L.Ed.2d 260 (2002).

The district court ruled that Wilson's eight-month delay between state court filings was unreasonable and beyond the "outer limit of appropriate pursuit." We note, however, that the California Supreme Court denied Wilson's state habeas corpus petition on the merits rather than as untimely, supporting a conclusion that Wilson is "entitled to tolling ... for the period in question." *See Saffold v. Carey*, 312 F.3d 1031, 1036 (9th Cir.2002), *amended by* —— F.3d ——, 2003 WL 112449 (9th Cir. Jan. 14, 2003) (order denying rehearing). Moreover, Wilson offered a justification for the delay at issue, namely, that he was diligently seeking state court transcripts. Although the district court questioned both Wilson's right and need for such transcripts, we cannot agree with the district court that Wilson "wasted time" seeking transcripts or that he had the burden to "explain[ ] how he needed the transcripts."

Given the California Supreme Court's denial on the merits and the apparent reasonableness of Wilson's attempts to secure transcripts, we conclude that the time interval at issue in this case falls within the scope of "pending" for purposes of applying the tolling provision of § 2244(d)(2). Accordingly, Wilson's federal petition was timely filed.

**REVERSED** and **REMANDED** for further proceedings.