Marlin MCDONALD, Petitioner–Appellant,

v.

Roy A. CASTRO, Respondent–Appellee.

No. 01–56654.

United States Court of Appeals, Ninth Circuit.

Submitted April 7, 2003.*

Decided April 15, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

©➯603

Before: RYMER, KLEINFELD, and FISHER, Circuit Judges.

** This disposition is not appropriate for publication and may not be cited to or by the

MEMORANDUM **

Marlin McDonald appeals pro se the district court's order dismissing as untimely and procedurally barred his 28 U.S.C. § 2254 petition challenging his convictions for carjacking and robbery with use of a firearm in violation of Cal.Penal Code §§ 215, 211, and 12022.5. We have jurisdiction pursuant to 28 U.S.C § 2253. We review de novo the district court's decision to dismiss a petition for writ of habeas corpus, *see Miles v. Prunty,* 187 F.3d 1104, 1105 (9th Cir.1999), and we affirm in part, vacate in part, and remand.

■ As an initial matter, McDonald contends the limitations period should not commence until he is in receipt of the court's judgment disposing of his claims. We reject this contention because McDonald has provided no authority for this method of calculation. *Cf. Smith v. Duncan,* 297 F.3d 809, 812–13 (9th Cir.2002) (stating that the Antiterrorism and Effective Death Penalty Act's ("AEDPA") limitation period began 40 days after the California Court of Appeal filed its opinion, when the time for seeking direct review expired). Moreover, McDonald has failed to show it would make his petition timely.

■ McDonald then argues that his federal petition is timely filed within the AEDPA's one-year statute of limitations period because he executed a petition for review of his direct appeal in the California Supreme Court, thereby tolling the federal limitations period. Even assuming McDonald submitted this state petition, we reject this contention because, based upon his own assertions, he executed the petition after the deadline for filing it had expired. *See id.*

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

McDonald next contends that the district court erred in concluding that he was not entitled to statutory tolling for the eight-month period between the California Court of Appeal's denial of his habeas petition and the filing of another petition in the California Supreme Court. At the time of its order, the district court did not have the benefit of our decision in *Saffold v. Carey*, 312 F.3d 1031, 1035–36 (9th Cir. 2003) (concluding that petitioner was entitled to statutory tolling between state petitions). Accordingly, we vacate the district court's statutory tolling determination and remand for reconsideration in light of the Supreme Court's decision in *Carey v. Saffold*, 536 U.S. 214, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002), and this court's decision on remand in *Saffold v. Carey*, 312 F.3d 1031 (9th Cir.2003).

McDonald further claims that he is entitled to equitable tolling of the limitations period because of prison lockdowns, lack of access to the law library, and because his counsel failed to inform him of the one-year statute of limitations. We reject these contentions because McDonald has failed to show that extraordinary circumstances beyond his control made it impossible to file his petition on time. *See Miles*, 187 F.3d at 1107 (9th Cir.1999).[1]

Finally, McDonald challenges the district court's determination that his jury instruction and sufficiency of the evidence claims were barred by independent and adequate state court rulings. We conclude that this challenge may have merit. The district court, in finding McDonald's claims procedurally barred under *In re Dixon*, 41 Cal.2d 756, 264 P.2d 513 (1953), did not have the benefit of our decision in *Bennett v. Mueller*, 322 F.3d 573, 583–86 (9th Cir. 2003) (establishing burdens of proof and remanding for adequacy determination). Accordingly, we vacate the district court's determination that the California Supreme Court's citation to *In re Dixon* barred federal review, and remand for a determination of adequacy in accordance with *Bennett*.[2]

Moreover, the district court apparently determined that McDonald's claims were procedurally barred based either upon the California Supreme Court's citation to *In re Waltreus*, or Rule 28(b) of the California Rules of Court. However, a citation to *In re Waltreus* does not bar federal review, *see Hill v. Roe*, 321 F.3d 787 (9th Cir. 2003), and there is no apparent state court judgment based on Rule 28(b). Accordingly, we vacate the district court's determination with respect to the California Supreme Court's citation of *In re Waltreus*, 62 Cal.2d 218, 225, 42 Cal.Rptr. 9, 397 P.2d 1001 (1965), and remand for clarification and, if appropriate, reconsideration of its ruling on this issue. *See Forrest v. Vasquez*, 75 F.3d 562, 564 (9th Cir.1996) (recognizing that *Waltreus* has no bearing on a petitioner's ability to raise a claim in federal court, and concluding, based on Rule 28(b) of the California Rules of Court, that the claims were procedurally barred); *Ylst v. Nunnemaker*, 501 U.S. 797, 803–06, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991) (addressing what constitutes a

---

1. We decline to consider McDonald's apparent contention that he was denied access to courts because it is outside the scope of the certificate of appealability. *See* 28 U.S.C. 2253(c).

2. We are not persuaded by McDonald's contention that the California Supreme Court's citations to *In re Waltreus*, 62 Cal.2d 218, 225, 42 Cal.Rptr. 9, 397 P.2d 1001 (1965), and *In re Dixon*, 41 Cal.2d 756, 759, 264 P.2d 513 (1953), no longer preclude habeas relief in light of *Nino v. Galaza*, 183 F.3d 1003 (9th Cir.1999). Nothing in either *Saffold* or *Nino* addresses whether *Waltreus* and *Dixon* are independent and adequate.

"judgment," and looking through *Waltreus* to last reasoned state judgment).[3]

Because we remand on the issue of procedural default, we need not address McDonald's cause and prejudice and actual innocence contentions.

**AFFIRMED in part, VACATED in part, and REMANDED.**

**3.** We decline to address McDonald's contention that the California Supreme Court's order was ambiguous. *See Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir.2001) (declining to consider an issue raised for the first time on appeal).