Dwan F. NEWMAN, Petitioner—
Appellant,

v.

R. EARLY, Warden, Respondent—
Appellee.

No. 00–56017.
DC No. CV 99–11445 GHK.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 13, 2003.

Decided June 10, 2003.

Before TASHIMA, BERZON, and CLIFTON, Circuit Judges.

## MEMORANDUM *

Dwan Newman appeals from the district court's denial of his habeas petition. Newman argues that he is entitled to both statutory and equitable tolling of the one-year limitations period of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

The district court determined that Newman's petition was not timely unless it was subject to equitable tolling. For petitioners whose convictions were final prior to the enactment of AEDPA, the statute's one-year limitation period began to run on the date of AEDPA's effective date and, absent any form of tolling, expired on April 24, 1997. *Patterson v. Stewart,* 251 F.3d 1243, 1246 (9th Cir.2001). Newman's petition was filed sometime between October 27 and November 3, 1999, and, there-

fore, was untimely absent some form of tolling.

The district court did not decide whether Newman was entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) because it determined that, even if Newman was given the benefit of statutory tolling, his tolling period would have ended on September 29, 1999, and his one-year limitation period would have ended on October 4, 1999. After the district court's decision in this case, however, this court rendered decisions which require recalculation of the relevant limitations period dates. First, absent tolling, Newman's limitation period expired on April 24, 1997, rather than on April 23. *See Patterson,* 251 F.3d at 1246. This means that Newman had four, rather than three, days remaining of his one-year limitation period when he filed his initial habeas petition in state court.

Second, and more importantly, Newman's statutory tolling did not end until October 29, 1999, 30 days after the California Supreme Court's dismissal order was issued, when the order became final under California law. *See Lott v. Mueller,* 304 F.3d 918, 921 (9th Cir.2002) (citing *Bunney v. Mitchell,* 262 F.3d 973, 974 (9th Cir. 2001)). With this additional time, Newman's limitation period would have expired on November 2, 1999, because Newman had four days remaining when he filed his initial state petition. Because Newman's petition was received by the district court on November 3, 1999, whether it was timely depends on when he submitted it to prison officials for mailing. *See Ford v. Hubbard,* 2003 WL 21095654, *8 (9th Cir. 2003) (applying the prison mailbox rule to AEDPA limitations period). Because Newman's petition was actually received by the district court on November 3, it

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

certainly had been entered into the prison mail system on or before November 2.

Respondent argues that Newman's state habeas petitions did not trigger § 2244(d)(2) tolling because they were not properly filed due to Newman's 11-month delay between refiling his petitions in the California Court of Appeal and the California Supreme Court. Respondent is incorrect.

In *Carey v. Saffold*, 536 U.S. 214, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002), the Supreme Court addressed § 2244(d)(2) tolling and California's unique habeas system. Unlike petitioners in other states, a habeas petitioner in California does not appeal the denial of his state habeas petition. *Id.* at 221. Instead, the petitioner may "file a new 'original' petition" with a higher court. *Id.* Each successive "original" petition is timely filed as long as there was no unreasonable delay between petitions. *Id.* at 226. If each petition is refiled properly then the limitation period remains tolled under § 2244(d)(2) between each filing. *Id.* at 222–223.

The Court in *Carey* held that if a California court dismisses a petition because of an "unreasonable" delay between petitions, then the petitioner is not entitled to § 2244(d)(2) tolling because the petition was not properly filed. *Id.* at 225–27. The Court then remanded the case to the Ninth Circuit to determine whether there had been "unreasonable" delay in that case. *Id.*

On remand, in *Saffold v. Carey*, 312 F.3d 1031, 1035 (9th Cir.2003), this court held that a dismissal of a California habeas petition based on an initial delay in filing a petition, as opposed to the delay between "original" filings at different appellate levels, is "irrelevant" to the analysis of whether a petition was properly filed for purposes of § 2244(d)(2). If the petition was reasonably pursued after this initial filing,

a California court determination that the initial filing was untimely does not prevent a finding that the appellate petitions were properly filed. *Id.* at 1034. In fact, the court held that if the California Supreme Court dismissed the petition based on initial delay, then the petition "was timely filed and therefore 'pending' for the purposed of AEDPA's tolling provision." *Id.* *Saffold* held that a dismissal for initial delay was a dismissal based on a procedural bar to hearing the merits, rather than a bar to filing. *Id.* at 1035. If the California Supreme Court reached the procedural bar, then it considered the petition timely filed. *Id.* at 1034.

Here, Newman's petition to the California Court of Appeal was denied with a citation to *In re Clark*, 5 Cal.4th 750, 765–97, 21 Cal.Rptr.2d 509, 855 P.2d 729 (1993). Respondent argues that this meant that Newman's petition was not properly filed because *Clark* deals with untimely petitions. *Clark*, however, addresses the time from when a defendant knows he has a claim to when he files a habeas petition, not the time between filings of the same petition at different appellate levels. *Id.* at 761, 765 n. 5, 767 n. 7, 782–83, 21 Cal.Rptr.2d 509, 855 P.2d 729. This is the sort of finding of untimeliness that *Saffold*, 312 F.3d at 1035, held was based on a procedural bar, rather than a bar to filing. Therefore, if the California Supreme Court denied Newman's petition for the same reason as the court of appeal, then Newman's petition was pending and subject to § 2244(d)(2) tolling until October 29, 1999. *See Saffold*, 312 F.3d at 1034.

The California Supreme Court summarily denied Newman's petition without citation. There is a presumption that "[w]here there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest

upon the same ground." *Ylst v. Nunnemaker,* 501 U.S. 797, 803, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991). Because the court of appeal denied Newman's claim based on initial delay, rather than based on an unreasonable delay in refiling the petition, the California Supreme Court's decision is presumed to rest on the same ground and, therefore, Newman's state petition was pending until October 29, 1999. *See Saffold,* 312 F.3d at 1034. Newman is therefore entitled to tolling under § 2244(d)(2) until that date.

Because Newman is entitled to statutory tolling, his federal habeas petition was timely filed. The district court's denial of Newman's petition for a writ of habeas corpus is reversed and the case is remanded for further proceedings consistent with this disposition.

**REVERSED and REMANDED.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.