*202 Justice Stevens,
concurring in the judgment.
Today the Court holds that, in the absence of a clear statement by a California state court that a petition for habeas corpus was timely or untimely, a federal court “must itself examine the delay in each case” to determine whether the filing “was made within what California would consider a ‘reasonable time.’” Ante, at 198. Contrary to the Court’s admonition in its next sentence, this is not what we “asked the Circuit to do in Saffold,” and it is not what “it should have done.” Ibid, (citing Carey v. Saffold, 536 U. S. 214 (2002)).
The Ninth Circuit’s decision in this case was both faithful to our decision in Saffold and consistent with our prior jurisprudence. Instead of endorsing an ad hoc approach to the interpretation of ambiguous judgments entered by California courts in the future, I believe we should direct the Ninth Circuit to apply the straightforward presumptions that I describe below. Rather than a de novo review of the record and California law, see ante, at 200-201, it is the application of these presumptions, buttressed by an independent error made by the Ninth Circuit, that convinces me that the judgment must be reversed.
I
As the Court has explained, both in Saffold and in its opinion today, California’s postconviction procedures are unlike those employed by most other States. See 586 U. S., at 221-222; ante, at 191-193. California’s time limit for the filing of a habeas corpus petition in a noncapital case is more forgiving and more flexible than that employed by most States. See Saffold, 536 U. S., at 222. Generally, such a petition “must be filed within a reasonable time after the petitioner or counsel knew, or with due diligence should have known, the facts underlying the claim as well as the legal basis of the claim.” In re Harris, 5 Cal. 4th 813, 828, n. 7, 855 P. 2d 391, 398, n. 7 (1993). And the State Supreme Court apparently may exercise its jurisdiction to decide the merits of a petition for habeas corpus at any time whatsoever. See *203 Cal. Const., Art. VI, § 10 (giving California Supreme Court original jurisdiction over habeas petitions); In re Clark, 5 Cal. 4th 750, 764-765, 855 P. 2d 729, 738 (1993) (noting procedural rules governing habeas petitions are judicially created).
It is the existence of this flexible, discretionary timeliness standard in noncapital cases[1] that gave rise to both the issue presented in Saffold and the issue the Court addresses today. In Saffold, we considered whether a habeas petition filed in the California Supreme Court 4½ months after the lower state court made its decision was “pending” (and therefore tolled the federal statute of limitations in the Antiterrorism and Effective Death Penalty Act of 1996 (AEBPA)) during that period. See 536 U. S., at 217. After concluding that a state habeas application is pending during the interval between an adverse lower court decision and the filing in the California Supreme Court, and that California’s virtually unique system made no difference for purposes of tolling AEDPA’s statute of. limitations, we were faced with the question whether the state habeas petition in that case had been timely filed. See id., at 221, 223, 225.
Rather than answering the question ourselves, we remanded the case to the Court of Appeals with instructions that it do so. Id., at 226. We also explained why the answer was not entirely clear. In its order the California Supreme Court had stated that it had denied the petition both “on the merits and for lack of diligence.” Id., at 218 (internal quotation marks omitted). We pointed out that the fact that the State Supreme Court had reached the merits did not preclude the possibility that its alternative basis for decision — “lack of diligence” — expressed a conclusion that the *204 4½-month delay was unreasonable and therefore that it had considered the petition untimely as a matter of state law. On the other hand, we also recognized that “lack of diligence” might have referred to the respondent’s earlier failure to file his first postconviction petition more promptly, “a matter irrelevant to the question whether his application was ‘pending’ during the 4½-month interval.” Id., at 226. Our opinion requested the Court of Appeals to resolve the ambiguity, noting that it might be “appropriate to certify a question to the California Supreme Court for the purpose of seeking clarification in this area of state law.” Id., at 226-227.[2]
On remand in Saffold, after reviewing three fairly contemporaneous California Supreme Court orders that involved delays of 7 months, 18 months, and 15 months without mentioning any “lack of diligence,” the Court of Appeals came to the quite reasonable conclusion that the State Supreme Court’s “lack of diligence” notation in the order denying Saf-fold’s petition referred to an earlier 5-year delay that was irrelevant to the tolling issue rather than to the 414-month delay that had preceded his most recent filing. See Saffold v. Carey, 312 F. 3d 1031, 1035 (CA9 2002). It also noted “that we have not been asked to provide any bright-line rule for determining what constitutes ‘unreasonable’ delay under California’s indeterminate timeliness standard. While such a bright-line rule would certainly be welcomed,... such an issue is more appropriately decided by the California Supreme Court or the California State Legislature.” Id., at 1036, n. 1.
As both Judge O’Scannlain — who wrote for the Court of Appeals — and I understood the rule of law that animated our remand, it was predicated on the assumption that the answer to the timeliness question depended on what the California Supreme Court had actually decided rather than on any con- *205 elusion that the Court of Appeals itself might reach concerning the reasonableness of the 4½-month delay under California law. See id., at 1034. That assumption, also applied by the Ninth Circuit here, was consistent with the unequivocal assertion in our opinion that if the California Supreme Court had “clearly ruled” that the 4½-month delay was unreasonable, “that would be the end of the matter,” even if the court had also ruled on the merits. Saffold, 536 U. S., at 226.
Similarly, there is no inconsistency between our conclusion in Saffold that the merits ruling “does not automatically indicate that the petition was timely filed,” ante, at 197, and the presumption applied by the Court of Appeals in this case that an order decided entirely on the merits indicates that the state court did not find the petition to be untimely, see App. A to Pet. for Cert. 9, particularly when California allows the petitioner to advance a variety of reasons to excuse a late filing, see, e. g., In re Robbins, 18 Cal. 4th 770, 780-782, 959 P. 2d 311, 318 (1998). Our rejection of the words “‘on the merits’” as “an absolute bellwether” was made in a case in which the order itself indicated that the state court might have considered the petition untimely. Saffold, 536 U. S., at 226. Given that ambiguous order, Saffold did not foreclose the Court of Appeals’ presumption that, by dismissing a petition solely on the merits, the state court necessarily found the filing to be timely. The Court of Appeals’ opinion in this case was therefore completely consistent with both our holding and our reasoning in Saffold.
The Court of Appeals’ opinion was also consistent with our prior habeas jurisprudence. While the present question requires us to apply the tolling provision of a federal statute, application of that provision ultimately rests on state-law procedural rules. See 28 U. S. C. § 2244(d)(2) (tolling federal statute while “properly filed” application for state postcon-vietion relief is pending). To the extent that a possibly *206 decisive state-law requirement is at issue, application of AEDPA’s tolling provision is analogous to the question whether denial of a state postconviction petition rested upon an adequate and independent state ground.
Faced with such a question, it has been our general practice to try to determine the actual basis for the state court’s decision rather than to resolve the state-law issue ourselves. The mere fact that a federal petitioner failed to abide by a state procedural rule does not prevent a federal court from resolving a federal claim unless the state court actually relied on the state procedural bar “as an independent basis for its disposition of the case.” Harris v. Reed, 489 U. S. 255, 261-262 (1989) (internal quotation marks omitted). This practice is consistent with the rule of Michigan v. Long, 463 U. S. 1032, 1042 (1983), that unless it is “clear from the opinion itself” that the state court’s decision rested on an adequate and independent state ground, we have appellate jurisdiction to review its resolution of a federal constitutional question. And in cases in which a state-court order is silent as to the basis for its decision, we have resorted to a presumption to reflect the role intended for such orders by the state court that issued it. See Ylst v. Nunnemaker, 501 U. S. 797, 803-804 (1991).
Until today, however, we have not directed the lower federal courts to decide disputed issues of state procedural law for themselves instead of focusing on the actual basis for a state-court ruling. The Ninth Circuit’s decision in this case was entirely consistent with our past practice, and I would adhere to that practice in confronting the question whether habeas petitions advancing federal claims in California courts were filed within a reasonable time as a matter of California law. Cf. Brooks v. Walls, 279 F. 3d 518, 522 (CA7 2002) (Easterbrook, J.) (applying Harris and Ylst to AEDPA’s “properly filed” requirement). The inquiry, then, should focus on what the state court actually decided rather *207 than what a federal court believes it could, or should, have done.
III
Determining what the California Supreme Court has “actually” decided is sometimes easy and sometimes difficult. Its rulings denying habeas corpus petitions generally fall into three broad categories: those expressly deciding the timeliness question, those deciding the merits without comment on timeliness, and those that do not disclose the basis for the decision.[3] To simplify the inquiry, a straightforward rule can be applied to each type of order.
The easiest cases, of course, are those in which the state-court order expressly states that a petition was either untimely or timely. As we have explained, if the state court’s untimeliness ruling is clear, “that would be the end of the matter,” even if the court had also ruled on the merits. Saffold, 536 U. S., at 226. Conversely, an unequivocal holding that a delay was not unreasonable should be respected even if a federal judge would have decided the issue differently.[4] The decision that a petition has been untimely filed need not be explicitly stated; citation to a case in which a petition was dismissed as untimely filed certainly would suffice.[5] Cf. Brief for Petitioner 27; Robbins, 18 Cal. 4th, at 814, n. 34, 959 P. 2d, at 340, n. 34 (explaining California’s practice of citing certain cases for certain propositions).
More difficult are those cases in which the state court rules on the merits without any comment on timeliness. *208 The Ninth Circuit deals with this situation by applying the presumption that a ruling on the merits, simpliciter, means that the state court has concluded that the petition was timely. The Court today seemingly assumes — incorrectly— that we rejected that presumption in Saffold. Even if we did so sub silentio, however, I am convinced that the Court should now endorse the Ninth Circuit’s presumption because it is both eminently sensible as a matter of judicial administration and entirely sound as a matter of law. Cf. Robbins, 18 Cal. 4th, at 814, n. 34, 959 P. 2d, at 340, n. 34 (explaining that when the State argues that a procedural bar applies, and the California Supreme Court’s order does not cite a case imposing that bar, it means the claim is not barred on the asserted ground). The interest in the efficient processing of the dockets of overworked federal judges provides powerful support for relying on a presumption rather than engaging in de novo review of the questions whether the length of a delay was excessive, whether the petitioner’s explanation for the delay would be considered acceptable by a California court, and whether a nonetheless unreasonable delay should be excused because the petition raises an unusually serious constitutional question. Cf. id., at 779-782, 959 P. 2d, at 317-318.
There are, of course, cases in which the Ninth Circuit’s presumption may not be accurate. For example, a state court may find the deficiencies in a claim so clear that it is easier to deny it on the merits than to decide whether excuses for an apparently unreasonable delay are sufficient. But whereas California judges may continue to follow the easier route, under today’s holding federal judges apparently must answer the timeliness question no matter how difficult it may be and no matter how easy it is to resolve the merits. A simple rule, applicable to all unambiguous rulings on the merits, is surely far wiser than the novel ad hoe approach that the Court appears to endorse today.
*209 A general rule could also apply to the most difficult situation, which arises when the state court denies a petition with no explanation or citation whatsoever. Unlike an order that indicates that a state court has ruled on the merits, a silent order provides no evidence that the state court considered and passed upon the timeliness issue. To resolve such cases, I would adopt a presumption that, if a California court issues an unexplained order denying a petition filed after a delay of less than six months, the court considered that petition to be timely; unexplained orders following a longer delay should be presumed to be decisions on timeliness grounds. California’s use of a 6-month period for determining presumptive timeliness in postconviction capital litigation — the only specific time period mentioned in California’s postconviction jurisprudence — provides a principled basis for such a double-barreled presumption. See Cal. Rules of Court Policy Statement 3, std. 1-1.1 (Deering 2005) (“A petition for a writ of habeas corpus [in a capital case] will be presumed to be filed without substantial delay if it is filed within 180 days after the final due date for the filing of appellant’s reply brief on the direct appeal... ”). Moreover, a 6-month presumption would be fiilly consistent with our holding in Saffold that the 4½-month delay in that case was not necessarily unreasonable.[6]
IV
The above standards provide me with two independently sufficient reasons for concluding that the California Supreme Court actually decided — not once, but twice — that the peti *210 tions filed by respondent in that court were untimely. In one order, the State Supreme Court made its finding of untimeliness explicit; in the other, the 6-month presumption should control.
First, as the Court notes ante, at 195, the California Supreme Court entered an order denying respondent habeas relief on April 29, 1998, and respondent did not file his federal petition for habeas corpus until August 30, 2000 — more than a year later. The Court of Appeals found that the federal statute of limitations was tolled during this 16-month period by a second set of state habeas petitions that respondent initiated in the California trial court on January 25,1999, and that concluded with the entry of an order by the California Supreme Court on April 28, 2000. See App. A to Pet. for Cert. 11-12. That finding was erroneous.
The California Supreme Court’s April 28, 2000, order, unlike its 1998 order, was not silent. Instead, the April 2000 order cited three earlier California Supreme Court cases, two of which stand for the proposition that a petition has been untimely filed. See id., at 5; Robbins, 18 Cal. 4th, at 814, n. 34, 959 P. 2d, at 340, n. 34. Although the State did not argue that respondent’s second habeas filing in the California Supreme Court was untimely, see App. A to Pet. for Cert. 8, n. 3, there is not even an arguable basis for disputing that the California Supreme Court found respondent’s second habeas petition to have been untimely filed. Given this finding by the State Supreme Court, the Ninth Circuit clearly erred (although not for the reasons claimed by the Court).
Second, respondent’s November 5, 1997, state habeas petition was filed with the California Supreme Court more than three years after the California Court of Appeal denied review. Ante, at 195. The State Supreme Court denied that petition without explanation. Ibid. The presumption I described above — that an unexplained order following a delay longer than six months was based on the state court’s *211 conclusion that the petition was untimely — provides me with a sufficient reason for concluding that respondent’s state ha-beas petition was not pending during that 3-year interval. Consequently, respondent’s federal habeas petition was also untimely and should have been denied.
Accordingly, despite my profound disagreement with the reasoning in the Court’s opinion, I concur in its judgment.

 As California's Deputy Attorney General pointed out at oral argument, this problem does not arise in capital cases because the California Supreme Court has adopted separate rules for such cases. See Tr. of Oral Arg. 63. This is significant because, while prisoners on death row often have an incentive to adopt delaying tactics, those serving a sentence of imprisonment presumably want to obtain relief as promptly as possible.

 This approach would apparently prove fruitless. See Tr. of Oral Arg. 31.

 Orders resting on alternative grounds, such as the one in Carey v. Saffold, 536 U. S. 214 (2002), may require special consideration.

 At oral argument, California’s Deputy Attorney General agreed that if the California Supreme Court had expressly decided that respondent Chavis’ state habeas petition included a satisfactory explanation for the 3-year delay preceding his filing in that court, but decided against him on the merits, the federal statute of limitations would have been tolled. See Tr. of Oral Arg. 19-20.

 As I point out, infra, at 210, this is such a case.

 The fact that a 6-month presumption would probably lead to the result that noncapital habeas petitions filed by California prisoners would be pending for somewhat longer periods than those filed in other States is attributable to the peculiar features of California’s postconviction review procedures. It is far wiser to place the responsibility for that consequence on the State, which can readily modify its procedures, than unnecessarily to complicate the work of federal judges.