**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BARBARA L. CHAVEZ, | No. 07-15290 |
| Petitioner - Appellant, | D.C. No. 05-cv-00490-OWW |
| v. | |
| GLORIA HENRY, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Oliver W. Wanger, District Judge, Presiding

Submitted May 25, 2010[**]

Before:    CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

California state prisoner Barbara L. Chavez appeals from the district court's

judgment dismissing her 28 U.S.C. § 2254 habeas petition as untimely. We have

jurisdiction under 28 U.S.C. § 2253, and we affirm.

_____

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

Chavez contends that she is entitled to statutory tolling for the time that elapsed between the denial of her first habeas petition in the Kern County Superior Court and the filing of her second habeas petition in the California Court of Appeal, as well as for the time between the denial of her second habeas petition and the filing of her third habeas petition in the California Supreme Court. This contention lacks merit. *See Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010) (per curiam) (petitioner not entitled to statutory tolling for gaps of 101 and 115 days between state court habeas filings).

Chavez further contends that her delay was explained and justified. This contention fails. *See Evan v. Chavis*, 546 U.S. 189, 200 (2006) (federal petition timely only if properly filed application for state post-conviction or other collateral review remained pending during relevant period); *Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009) (petitioner not entitled to equitable tolling simply because he remained in administrative segregation and had limited access to law library and copy machine); *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (pro se petitioner's lack of legal sophistication by itself insufficient to warrant tolling); *Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000) (petitioner not entitled to tolling for state petitions filed after federal time limitation has run).

We decline to consider Chavez's unexhausted contentions that her delay was reasonable because she needed additional time to develop her claims and that in 2004 she was operating under the guidance of *Saffold v. Carey*, 312 F.3d 1031, 1035-36 (9th Cir. 2002). *See Williams v. Woodford*, 306 F.3d 665, 694 n.9 (9th Cir. 2002).

We construe Chavez's additional argument as a motion to expand the certificate of appealability. So construed, the motion is denied. *See* 9th Cir. R. 22-1(e); *see also Hiivala v. Wood*, 195 F.3d 1098, 1104-05 (9th Cir. 1999) (per curiam).

**AFFIRMED.**