**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TONY EUGENE SAFFOLD, | No. 09-15329 |
| Petitioner - Appellant, | D.C. No. 2:98-cv-01040-JAM-JFM |
| v. | |
| ANTHONY C. NEWLAND, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted November 5, 2012
San Francisco, California

Before: SCHROEDER, KLEINFELD, and BERZON, Circuit Judges.

Saffold appeals from the district court's decision denying his federal petition

for writ of habeas corpus. We review a district court's denial of a habeas corpus

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

petition de novo. Gonzalez v. Brown, 585 F.3d 1202, 1206 (9th Cir. 2009). We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

There has been extensive litigation about whether Saffold's state and federal habeas petitions were timely filed. See Saffold v. Carey, 312 F.3d 1031 (9th Cir. 2002). The district court denied Saffold's petition on the merits. The timeliness issue is complex, and we need not decide it because assuming without deciding that Saffold did not procedurally default and that his claims were timely in all respects, he still cannot prevail.

Saffold claims that trial counsel rendered ineffective assistance in two ways. First, he contends that trial counsel was ineffective because he failed to obtain timely adjudication of his motion to exclude identification evidence, which motion Saffold argues was meritorious. Saffold also contends that trial counsel was ineffective because he failed to impeach sufficiently the government's key identification witness. The Superior Court of California rejected Saffold's first ineffective assistance of counsel claim on the merits. Saffold raised his failure to impeach claim in a subsequent petition to the California Supreme Court, which denied the claim "on the merits and for lack of diligence."

2

"The standards created by Strickland and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." Harrington v. Richter, 131 S.Ct. 770, 788 (2011) (citations omitted).

The government's key witness was the widow of the victim. She was present when her husband was shot and killed. The deferential review required under the Antiterrorism and Effective Death Penalty Act and Richter does not permit the conclusion that the California Supreme Court was objectively unreasonable in rejecting Saffold's ineffective assistance claim. The California Supreme Court could have reasonably concluded that trial counsel made a reasonable tactical decision to be no more aggressive than he was in attacking the widow's credibility.

As for defense counsel's motion to suppress identification evidence, the Superior Court of California concluded that "the delay in the motion was due to the failure of the prosecution to produce the original photo line-up," and that "there is no evidence that [Saffold's] counsel failed in any other manner to adequately litigate identification issues." This judgement was well within the range of deference we are required to apply.

3

**AFFIRMED**.